IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JUNG HE MOON,<br>d/b/a J.B.C. MARKET,<br>et al., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO. 3:95-CV-3045-T<br>) |
| UNITED STATES OF AMERICA,<br>et al., | )<br>)<br>) |
| Defendants. | )<br>) |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 2 1996
NANCY DOHERTY, CLERK
By_____ Deputy

ENTERED ON DOCKET
10-2-96 PURSUANT
TO F. R. C. P. RULES
58 AND 79a

### AGREED JUDGMENT

The parties, by and through their undersigned counsel of record, have settled and compromised the above-styled and numbered cause, and have consented and agreed to the entry of this agreed final Judgment herein as follows:

1. Judgment is hereby entered in favor of the defendant, United States of America, and against the plaintiffs, JUNG HE MOON and SEUNG PYO MOON, d/b/a J.B.C. MARKET, for permanent disqualification from participation in the Food Stamp Program (the "Program") as authorized by the Food Stamp Act (the "Act"), 7 U.S.C. §§ 2011 et seq. for the violations of the Act which form the basis of defendant's affirmative defense.

2. The parties hereby stipulate and agree that JUNG HE MOON and SEUNG PYO MOON, may sell J.B.C. MARKET, without incurring a civil money penalty as provided for in the Act, provided that:

   a. the sale is an arms length transaction, to a bona

**AGREED JUDGMENT** - Page 1

14

        fide purchaser, who is not related to the plaintiffs in any degree of familial relationship or marriage; and

    b.    that if a sale of J.B.C. MARKET is consummated, that JUNG HE MOON and/or SEUNG PYO MOON shall not in any way participate in the management of the store subsequent to the sale, nor shall they participate as an owner(s) or employee(s).

3.    The parties further stipulate that plaintiffs will not challenge or contest their permanent disqualification from participation in the Program.

4.    In the event of a violation of the Act by the plaintiffs, as defined in paragraph 5 herein occurred after execution of this Agreed Judgment, the defendant shall be entitled to pursue a civil money penalty pursuant to the Act for the sale of the store. Possible appeal rights shall be limited to those provided by the administrative appeals process, and plaintiffs expressly waive all rights to judicial review of actions taken against plaintiffs based on sale of the store.

5.    The parties hereby stipulate and agree that the definition of the word "violation" shall be: (1) any challenge or contest by the plaintiffs of the permanent disqualification from participation in the Program; (2) sale of J.B.C. Market to an individual who is related to the plaintiffs in any degree of familial relationship or marriage; and (3) if the plaintiffs participate in the management of the store subsequent to the sale,

**AGREED JUDGMENT** - Page 2

or if the plaintiffs participate as owner(s) or employee(s).

6. Upon the filing of this Agreed Judgment with the Clerk of the Court, the above-styled and numbered cause and claim shall be dismissed with prejudice, with each side bearing its respective costs and attorney's fees, if any, without further Order of the Court.

SO ORDERED.

SIGNED this ___1st___ day of ~~August~~ October, 1996.

*[signature]*
ROBERT B. MALONEY
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND
SUBSTANCE AND FOR ENTRY:

**AGREED JUDGMENT** - Page 3

_____
JUNG HE MOON, d/b/a J.B.C.
MARKET

_____
SEUNG PYO MOON, d/b/a J.B.C.
MARKET

PLAINTIFFS

_____
Vincent W. Perini
Attorney for Plaintiffs
Texas Bar No. 1578200
5630 Yale Blvd.
Dallas, Texas  75206
(214) 750-7477
(214) 696-0867 (fax)


ATTORNEYS FOR PLAINTIFFS



PAUL E. COGGINS
United States Attorney

_____
FRANK D. ABLE
Assistant United States Attorney
Texas State Bar No. 00810250
1100 Commerce St., Third Floor
Dallas, Texas  75242-1699
(214) 767-0951
(214) 757-8764 (fax)

ATTORNEYS FOR DEFENDANT

**AGREED JUDGMENT** - Page 4